WATSON, Judge.
Plaintiffs, Lloyd Thomas Flanner and Mrs. Olga Flanner Bannister, the only children of Thomas J. Flanner, brought this suit against the succession of their father asking that they be sent into possession of a one-half interest in certain United States savings bonds not included in the succession assets. The trial court concluded that ownership of the bonds passed under federal law to the co-owner, plaintiffs’ stepmother, Mrs. Maude Rau Flanner, also now deceased; and the succession could not be reopened to include the bonds. We affirm.
Plaintiffs have appealed, alleging that the trial court erred: in not reopening the succession; in not deciding whether plaintiffs had an interest in the bonds; and in not treating the matter as an action to reduce an excessive donation.
The facts are essentially uncontested. Thomas Jefferson Flanner willed all of his property to his second wife and widow, Mrs. Maude Rau Flanner. The sworn descriptive list of assets in the succession did not include the United States savings bonds owned by Thomas J. Flanner and Mrs. Maude R. Flanner. Decedent’s one-half interest in the community was valued at $4,984.75. Both plaintiffs, Lloyd T. Flanner and-:.Mrs. Olga. Flanner; Bannister,renounced the succession'.of their father by' authentic act executed after the succession was opened. Both testified that they knew' of the existence of the bonds but relied-upon the succession attorney’s advicé.that the bonds were not part of the succession-;that they executed the notarial' acts of renunciation because the assets -amounted to so little they felt the entirety should go. to the surviving widow; and that they would not have renounced the succession if they had thought the renunciations affected an *357 interest in the United States savings bonds. Mrs. Flanner was put into possession of her husband’s estate by judgment of possession rendered June 16, 1970.
The succession attorney, John B. Scofield, testified that plaintiffs were aware of the bonds and their amounts and that they executed the renunciations because of a tacit understanding that they would be included in their stepmother’s will. In evidence is a copy of a will executed by Mrs. Flanner June 24, 1970, whereby she bequeathed her entire estate to these stepchildren. The original of the will was later destroyed in Scofield’s office pursuant to Mrs. Flanner’s instructions. Lloyd Flanner testified that he knew the will had been changed to remove him and his sister as beneficiaries. Also in evidence is a letter written by Sco-field to Mrs. Maude Flanner while she was staying with Lloyd T. Flanner in which Scofield advised that the bonds should not be included in the Louisiana succession proceedings. Attached to the letter is a legal memorandum, which states in the concluding paragraph:
“ . . the value of the Bonds must be computed in determining the legitime of the forced heirs, and, the forced heirs have a right to bring an action for reduction of an excessive donation in the event the value of the bonds would have impinged on the legitime had the value been given by donation inter vivos instead of by the survivorship provisions of the U.S. Treasury regulations.” (TR. 51)
Mr. Flanner testified that:
“This is the letter that my stepmother received while she was with me in New Jersey, which I read and copied.” (TR. 78-79)
The issue is whether plaintiffs’ renunciations of their father’s succession prevent them from asserting an interest in the U.S. savings bonds, either by reopening the succession or by an action for reduction.
The renunciations here are effective, since the heirs were aware that the succession of their father was open and that they were heirs. A succession cannot be accepted or rejected on a partial basis.[1] While an heir may renounce a succession and then later accept it, this cannot be done when there has been acceptance by another heir and rights which third parties may have acquired cannot be prejudiced.[2] Mrs. Maude Flanner was an heir to the property of her husband and accepted his succession. Her heirs or legatees have now, with her death, acquired rights under her will.
In Volume 3 of Professor Carlos Lazarus’ Civil Law Translations of Aubry & Rau’s Droit Civil Francais, § 685 c, at page 250, we find the following:
U * * *
2. Renunciation. The action for reduction may abate by the renunciation of the forced heirs. This renunciation, which can be validly made only after the opening of the succession is, moreover, governed by the general rules applicable to the renunciation of any other rights. Thus, it may be express or tacit.
“Whether the forced heir should be deemed to have renounced the action of reduction when, for example, he has received from the universal legatee a particular legacy made in his favor or when he has voluntarily paid a legacy or part of a legacy to a third person, is a simple question of fact and must, as such, be resolved according to the circumstances in each particular case. * * * ”
This is not a situation within the purview of LSA-C.C.P. art. 3393, because
*358 the bonds do not constitute overlooked property of the succession. As the Louisiana Supreme Court pointed out in the recent case of T. L. James & Co., Inc. v. Montgomery, 332 So.2d 834 (La., 1976), transfer of a property interest with such bonds is valid but is:
“ . . . subjected to the judicial requirement of an accounting, where requested, to the claims of any forced heir whose legitime was thereby prejudiced . . . 322 So.2d 855-856
Here, the forced heirs did "not bring an action for reduction but renounced their father’s succession after being advised of their right to bring such an action. That right has now, as Aubry and Rau said, abated.
For the foregoing reasons, the judgment of the trial court herein is affirmed. All costs are assessed to plaintiffs-appellants, Lloyd Thomas Flanner and Mrs. Olga Flan-ner Bannister.
AFFIRMED.

. LSA-C.C. art.. 1016:
“A succession can neither be accepted nor rejected conditionally.”

. LSA-C.C. art. 1031:
“Art. 1031. So long as the prescription of the right of accepting is not acquired against the heirs who have renounced, they have the faculty still to accept the succession, if it has not been accepted by other heirs, without prejudice, however, to rights which may have been acquired by third persons upon the property of the succession, either by prescription, or by lawful acts done with the administrator or curator of the vacant estate.
In like manner, so long as the prescription of renunciation is not determined, the heir may still renounce, provided he has done no act to make himself liable as heir.”